UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

WILLARD HUGH CROSS, as personal )
representative of the ESTATE OF JERRY W. )
CROSS; and WILLARD HUGH CROSS )
                                               )    Case No. 1:06-CV-271
                *Plaintiffs*, )
                                               )    Chief Judge Curtis L. Collier
v. )
                                               )
BILL DAVIS, as Sheriff of Polk County, )
Tennessee; POLK COUNTY, TENNESSEE; )
BOARD OF COMMISSIONERS OF POLK )
COUNTY, TENNESSEE; JOHN DOES 1 & 2 )
                                               )
                *Defendants*. )

## **MEMORANDUM**

Before the Court is Defendants' motion to dismiss and/or for summary judgment (Court File No. 21) and accompanying memorandum (Court File No. 22). The motion and memorandum were filed on March 28, 2008, five days before the dispositive motion deadline specified in the scheduling order for this case (Court File No. 20). Over seven weeks have passed, and Plaintiff has not filed a response or anything else with the Court. The Local Rules provide 20 days to respond to dispositive motions, and "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.1(a), 7.2. Even without the Local Rule, dismissal is almost inevitable when a plaintiff fails to oppose a summary judgment motion. Here, Defendants have produced evidence showing they are entitled to summary judgment and Plaintiff has, of course, not offered evidence to the contrary. Therefore, for the following reasons, Defendants' motion for summary judgment will be **GRANTED** (Court File No. 21).

Plaintiff's complaint alleges the decedent, Jerry W. Cross, made suicidal comments to officers of a police department who transported him to the Polk County, Tennessee jail. The

complaint alleges one or more of the arresting officers informed employees of the Polk County Sheriff's Department about Cross's suicidal nature. Shortly thereafter, Cross committed suicide in the jail. Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that Defendants violated Cross's constitutional rights and were negligent.

The officer who transported Cross to the jail testified Cross never made any comments suggesting he would harm himself or commit suicide (Court File No. 21-3). The officer testified he had no suspicion Cross would commit suicide and never communicated to anyone at the jail that he might commit suicide (*id.*). When Cross hanged himself, correctional officers took him down, administered CPR, and immediately called for emergency medical personnel. There is no indication the correction officers had any reason to suspect Cross was suicidal. Plaintiff cannot rely on the allegations in the pleadings to oppose this evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The evidence is uncontradicted. It does not indicate anything improper happened. Defendants did not cause Plaintiff to be "deprived of a right secured by the Constitution or laws of the United States," as is necessary to show a violation of 42 U.S.C. § 1983. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). And Defendants were not negligent. Thus, viewing the only evidence available, "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Accordingly, the Court will **GRANT** Defendants' motion for summary judgment (Court File No. 21).

An Order shall enter.

/s/
**CURTIS L. COLLIER**

**CHIEF UNITED STATES DISTRICT JUDGE**